THE STATE v. CHARLES A. BAILEY, Appellant.—8 S. W. (2d) 57.

Division Two, May 25, 1928.

*Dickinson & Hillman* for appellant.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

BLAIR, J.—Appellant was convicted of the felony of transporting "moonshine" in Carroll County, in violation of Laws 1923, page 242, Section 21. He was sentenced to imprisonment in the State Penitentiary for a term of five years in accordance with the verdict of the jury. Thereafter he was granted an appeal to this court.

On March 17, 1927, appellant and his wife were in an Essex Coach about three miles south of and driving toward Carrollton, when appellant's automobile was stopped by the Sheriff of Carroll County and his deputy, and nine full quart bottles and a pint bottle, all containing moonshine whiskey, were found in said automobile. Later six one-gallon jugs of "moonshine," which had not been noticed at first and which evidently had been effectually concealed about the automobile, were discovered. Appellant filed a motion to suppress the evidence found upon the search of his automobile, but this motion was overruled.

No question is raised as to the fact of transportation of moonshine whiskey by appellant or that it was his liquor which was being transported. Appellant did not testify, but showed by his wife that he was driving the automobile carefully and peaceably along the public highway and that he was doing nothing to attract attention to himself or to his automobile as being engaged in law violation, and that the officers could not possibly have seen the liquor in his automobile before it was halted. These facts are not disputed.

It appears that the sheriff had just been informed that appellant was driving toward Carrollton with liquor in his automobile. De-

scriptions of appellant and his family and their accompanying pet dog, together with the description of the automobile, had just been furnished to the sheriff by telephone. Accompanied by his deputy, the sheriff drove hurriedly south of Carrollton on Highway No. 65. He met appellant and recognized him and his automobile from such description. The automobile was stopped and searched with the result above mentioned. A portion of the liquor was analyzed by a chemist, who testified that it contained forty-one per cent of alcohol and that it was potable. It was also shown to be moonshine whiskey, as charged in the information.

Manifestly, the evidence against appellant was most substantial and entirely sufficient to support the verdict of guilt, if such evidence was properly admitted for the consideration of the jury. Alleged error of the trial court in admitting in evidence liquor found in appellant's automobile is the main point relied on by appellant in this court.

It is contended that the officers had no right to stop appellant's automobile on the highway when they could not see the liquor in said automobile and at a time when appellant was concededly driving his automobile in a peaceable and lawful manner; that the officers were not authorized to make a search of the automobile without a search warrant. Appellant contends that the officers had no right to make the arrest without a warrant, unless the offense was committed in their presence, that is, unless they could see the liquor being transported; that, even if the officers were authorized to make the arrest without a warrant upon reasonable suspicion that appellant was committing the felony of transporting moonshine whiskey, the question of the reliability of the information forming the basis of such suspicion was one of fact to be determined by the court. It is contended that the court should have compelled the sheriff to disclose the source of the information upon which he stopped appellant's automobile and made the arrest.

For all the foregoing reasons it is contended that the court erred in overruling the motion to suppress the evidence obtained by said search and also erred in admitting such evidence for the consideration of the jury.

It is admitted that the motion to suppress was properly overruled if appellant's arrest without a warrant was authorized under the circumstances in this case and if the search was thereafter made and the liquor was thus discovered. Appellant's wife testified that the officers halted the appellant's automobile by a command and by means of an exhibition of weapons, and that the occupants of the automobile were ordered to get out, but that nothing was said about taking appellant into custody or arresting him until after the auto-

mobile had been searched and the liquor discovered. On the other hand, both the sheriff and his deputy testified at the trial that the automobile was halted and appellant told that he was under arrest before any search of the automobile was made. The sheriff testified likewise on the motion to suppress the evidence discovered by said search.

The court, whose duty it was to pass upon the motion to suppress and to determine the admissibility of the testimony, was justified in finding, as he evidently did find, that the arrest occurred before the search was made. The court having so found, it becomes unnecessary to inquire into the reasonableness of the search, provided the arrest without a warrant was justified under the circumstances.

The rule in this State is that an officer may make an arrest without a warrant when he has reasonable ground to suspect that the person arrested has committed a felony. [State v. Evans, 161 Mo. 95, 61 S. W. 590; State v. Cushenberry, 157 Mo. 168, 56 S. W. 737; Wehmeyer v. Mulvihill, 150 Mo. App. 197, 130 S. W. 681; State v. Whitley (Mo.), 183 S. W. 317, 5 C. J. 416.]

The transportation of "moonshine" is made a felony by Section 21, Laws of 1923, page 242. The only question as to the validity of the arrest, therefore, is whether or not the sheriff had reasonable ground to suspect that appellant was committing the felony of transporting "moonshine." The sheriff testified that, a few minutes before he met and stopped appellant's automobile, he had received a telephone communication from a person he deemed to be reliable, advising him of the impending approach of appellant toward Carrollton driving an automobile of a certain description which was loaded with moonshine whiskey. This information certainly was sufficient to furnish at least reasonable grounds for suspicion that appellant was in the very act of committing a felony. The accuracy and reliability of such information is attested by the fact that it led almost immediately to the meeting between appellant and the officers and that appellant was actually found doing just what the sheriff was informed he was doing.

But appellant contends that the sheriff was not the judge of the accuracy and reliability of the information which formed the basis for his alleged reasonable suspicion that appellant was committing a felony. It is contended that the court should have required him to disclose the identity of his informant so that the court itself could have passed upon the reliability of such information. We are cited to no authority in support of this contention. In speaking of the right of Federal officers to seize and search an automobile suspected of transporting intoxicating liquor, which is only a misdemeanor under the Federal statute, Mr. Chief Justice TAFT, in Carroll v. United

States, 267 U. S. 132, 1. c. 149, a case cited and relied upon by appellant, said:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

It would seem to be the rule that if the facts which induce reasonable suspicion of guilt of felony are known to the officer, it is sufficient. Here the court had before it all the information possessed by the sheriff before appellant's arrest, except the name of the sheriff's informant. It would be against public policy to compel a sheriff or other officer to disclose the identity of the person or persons who inform him of facts tending to show that a given person is guilty of felony. If information of this character cannot be given to an officer freely and without fear on the part of the informant that his part in the arrest and prosecution of one suspected of felony will be made public, the detection and prosecution of crime will be intolerably hampered and be defeated altogether in many instances.

The name of the officer's informant would mean nothing to the court or jury, unless the standing and reliability of such informant could be shown in evidence. The trial of collateral issues of this sort is not permissible, even if it were practicable. Nor can an officer stop to determine the truth of information concerning the commission of a felony before making the arrest of the person to whose guilt such information reasonably points. If the nature of the information and the officer's knowledge of the reliability of his informant cause a reasonable suspicion in his mind that the accused is guilty of felony, he is authorized to make the arrest without a warrant. Any other rule would interfere intolerably with the administration of justice.

The sheriff testified fully concerning the nature and character of the information which he had received. There can be no two opinions about the proposition that, if such information was accurate and reliable, it was entirely sufficient to create in the mind of the officer a reasonable suspicion that appellant was committing a felony. The question of the reliability of the information was solely for the officer's determination. The trial court properly refused to go into the question of the identity of the sheriff's informant.

The court properly overruled the motion to suppress the evidence and did not err in admitting for the consideration of the jury the liquor found in the automobile, together with the oral proof con-

cerning its discovery. With this evidence properly before the jury, there was ample evidence to sustain the verdict.

Error is assigned because the court refused to give Instruction B, requested by appellant. This assignment is based on the 14th paragraph of the motion for new trial, which is: "The court erred in refusing to give Instruction B, requested by the defendant, as follows:" etc. The refused instruction is then set out in full, without any specification whatever of reasons why it was error to refuse the instruction. Refused instructions lettered A and C were both treated in the same manner. Instruction A was a demurrer to the evidence and that assignment has already been considered. The assignments of error as to the refusal of Instructions B and C, although in separate paragraphs, were not specific. Attacking the action of the trial court in giving and refusing instructions, by merely devoting a separately numbered paragraph to each given and refused instruction, is no more a compliance with Section 4079, Laws 1925, page 198, than it would be had the same attack been made upon them in a single paragraph of the motion. Nor is the quoting of an instruction in full in the motion for new trial a specific assignment of error in respect to the giving or refusing of such instruction. Neither method is any more specific than merely referring to it by number or letter.

The 1925 Act contemplates that the motion for new trial shall specifically point out the nature of the error alleged to have been committed by the trial court in the giving and refusing of instructions. This is not accomplished within the meaning of the statute by merely alleging that the court erred in the giving or in the refusal of instructions. [State v. Standifer, 316 Mo. 49, 289 S. W. 856.] If that is all of the assignment of error, it makes no difference whether the instructions are pointed out by number or letter, all in one paragraph, or that a paragraph of the motion is devoted to each instruction, or even that the given instructions challenged or the requested instructions refused are quoted in full. Each method is merely a manner of identifying the instructions assailed and constitutes no sufficient compliance with the 1925 Act.

The assignment as to error in the refusal of the requested Instruction B is therefore insufficient to authorize us to consider it. However, a consideration of the instruction on its merits could in no wise affect the result in this case, because the contention there made has already been disposed of adversely to appellant in what we have said above concerning the admissibility of the evidence against appellant obtained by a search of his automobile.

Another assignment made in the brief of appellant is that the verdict is the result of passion and prejudice on the part of the jury. The only possible evidence of this is the fact that the jury fixed ap-

pellant's punishment at the maximum term of imprisonment in the penitentiary. Appellant contents himself with citing other cases where punishments, ranging from a fine and term in jail to imprisonment in the penitentiary for two years, were imposed. No action or conduct on the part of the jury in this case, other than the bare fact of the assessment by it of the maximum punishment, is pointed out in support of this assignment. The extent of the punishment was a matter for the jury. Its action in assessing the maximum punishment cannot be set aside by this court in the absence of some showing of passion and prejudice, other than the bare fact that such punishment was imposed. Appellant was caught red-handed, flagrantly violating the law. He was transporting moonshine whiskey in almost wholesale quantities. His wife's story that he was taking six gallon-jugs and nine quart-bottles of whiskey along with him for his own consumption upon a trip into the State of Iowa for a few days' duration at most was too absurd to deserve the slightest credence. The only legitimate inference to be drawn from the circumstances in the case was that appellant was transporting the liquor for sale by himself or others—a further and different violation of the same section of the statute. The jury was justified in believing appellant guilty of a bold and contemptuous violation of the law. We are not authorized to interfere with its conclusion concerning the proper punishment to be imposed.

Appellant made numerous assignments of error in his motion for new trial. A great many of them were based upon his contention that the search of the automobile was unlawful and that the evidence obtained thereby was not properly for the consideration of the jury. Other assignments have not been briefed and have apparently been abandoned in this court, either because not properly preserved in the motion for new trial or because of their obvious want of merit.

The sufficiency of the information was challenged in the motion for new trial, but such assignment has not been pressed here. The information is in the language of the statute, which contains all the elements of the offense, and, omitting formal parts, charges that appellant did "unlawfully, willfully and feloniously transport 'moonshine'," etc. The information was sufficient. [State v. Brown, 304 Mo. 78, 262 S. W. 710.]

We have examined the verdict and find it responsive to the information and in appropriate form. Such verdict is sufficient to support the judgment entered thereon. The judgment also is found to be in due and approved form and shows affirmatively that appellant was accorded all his legal rights.

Finding no reversible error in the record, the judgment is affirmed. All concur.