Dudley Barr was convicted in the Circuit Court of Jackson County of the murder, in the first degree, of Walter Milton, and prosecutes this appeal as a poor person.
The State's evidence: One George Kondos operated the "Flying Cloud Policy Wheel," patronized by colored people at Twelfth and Lydia Streets, Kansas City, Missouri. The wheel was "pulled" every evening at six o'clock. A number of people had arrived there for the drawing on December 14, 1932, when, about six o'clock, appellant, who was unmasked, and a masked companion, each armed with and flourishing a gun, entered the place. Appellant, who was the spokesman, put his gun on the doorman, marched him into the place and announced: "This is a holdup," and demanded money. During the progress of the holdup, appellant made threats to kill; and stated: "I haven't killed a man since 1927." He shot his gun into the floor, and remarked: "This goes to show you that this is no toy;" and then reloaded. He took money and a watch from Kondos; and upon Kondos telling him he had no more money, appellant, striking Kondos and making him open his mouth, stuck the gun in his mouth and threatened to kill him. Thereupon, according to Kondos, someone gave appellant more money. He also put his gun *Page 302 
on another and relieved him of his watch and money. Appellant inquired: "Who in here would know me, would identify me?" Seeing Walter Milton, appellant said: "You can identify me. I am going to kill you." Milton replied: "No, no, man, I won't identify you; don't kill me." Appellant had the gun close to Milton's face and Milton pushed it away. Appellant then shot Milton, who fell to the floor; after which appellant shot Milton twice. Milton died immediately. Appellant was identified by several of the State's witnesses.
The defense was an alibi. Evidence on behalf of appellant, as to his whereabouts and condition at the time involved, was to the effect that appellant and some companions had been drinking on the afternoon in question (appellant stating that one of the last drinks went to his head like dope); that appellant had become inebriated to the point of helplessness; that most of this drinking took place at a barbecue stand next door to where appellant lived; that appellant staggered and had to be supported by his companions while at the barbecue stand, and at five P.M., or thereabouts, with a companion on either side of him, he was assisted into the back seat of a taxi, the operator finally taking him and three others to Twelfth and Lydia; that after appellant entered the taxi, he started to take another drink and one of his companions said "take the bottle away from him;" and that appellant then laid back in the seat of the car. Appellant testified he does not remember anything from that time until about three o'clock the next morning. There was testimony that at Twelfth and Lydia appellant's companions (or some of them) got out of the taxi and were gone for ten or fifteen minutes, and during that time appellant was in the taxi in a practically helpless condition. After appellant's companions returned, the taxi drove to the barbecue stand and they carried appellant out of the car and up to his room.
The State contends and the appellant (in one of his briefs on file) concedes that the general assignments of error in the motion for new trial with reference to the admission and rejection of evidence and the giving of instructions are too general to preserve anything for review. [Sec. 3735, R.S. 1929, Mo. Stat. Ann., p. 3275; State v. Standifer, 316 Mo. 49, 54,289 S.W. 856; State v. Boesel, 64 S.W.2d l.c. 246; State v. Smith, 329 Mo. l.c. 281, 44 S.W.2d l.c. 49; State v. Aguelera, 326 Mo. l.c. 1215, 33 S.W.2d 901; State v. Tharp, 334 Mo. 46, 64 S.W.2d l.c. 253.]
[1] Error is also assigned in the overruling of the demurrer to the evidence at the close of the State's case. This was waived by appellant offering evidence in his behalf. [State v. Decker,326 Mo. 946, 33 S.W.2d l.c. 961; State v. Meadows, 330 Mo. 1020, 51 S.W.2d l.c. 1036; State v. Sanders (Mo.), 4 S.W.2d l.c. 815.]
[2] Appellant likewise concedes that failure to except to the action *Page 303 
of the trial court renders the assignment of error with reference to the argument of the State's attorney ineffective. [State v. Painter, 329 Mo. 314, 322, 44 S.W.2d 79; State v. Sherry (Mo.), 64 S.W.2d 239; State v. Nasello, 325 Mo. 442, 469,30 S.W.2d 132; State v. Harmon (Mo.), 296 S.W. 391.]
[3] Appellant contends that the court erred in giving Instruction No. 2 for the reason that said instruction deprived the jury of considering a part of defendant's defense. The instruction reads:
"The court instructs the jury that in making up their verdict they will entirely disregard defendant being drunk, and that drunkenness cannot be pleaded in excuse, mitigation or defense of any crime."
Such has been held a proper statement of the law in Missouri where drunkenness is pleaded in excuse, mitigation or justification of crime. [State v. Sneed, 88 Mo. l.c. 140; State v. Pitts, 58 Mo. l.c. 558; State v. Carter, 98 Mo. l.c. 181, 11 S.W. 624; State v. West, 157 Mo. l.c. 318, 57 S.W. 1071; State v. Woodward, 191 Mo. l.c. 634, 90 S.W. 90; State v. McCann, 329 Mo. l.c. 765, 47 S.W.2d 32; State v. O'Reilly, 126 Mo. l.c. 604, 29 S.W. 577.] In the instant case, however, appellant denies his guilt. He admits no overt act, which he seeks to excuse, or mitigate, or justify on account of drunkenness. The defense is an alibi. Collateral thereto and in support thereof defendant had evidence to the effect that he was drunk to the point of helplessness. Any evidence tending to prove or disprove the truth of an alibi is relevant (State v. Harris, 334 Mo. 38, 64 S.W.2d l.c. 258; Underhill's Crim. Ev. (2 Ed.), sec. 247; 16 C.J., p. 558, sec. 1083); such as testimony showing a witness received a post card from defendant postmarked at Cleveland, Ohio (State v. Albritton, 328 Mo. 349, 364, 40 S.W.2d 676), or an original receipt and account book tending to establish accused's presence in Cedar Rapids, Iowa (State v. Harris, supra), as of the day the crime involved was committed in Missouri; or, upon the State's witnesses testifying that accused was in company with a named person at a certain time and place, testimony that such named person was at the time in question several miles distant (State v. Earnest, 70 Mo. 520, 522), or that accused was seen in a certain saloon drinking at a time he claimed to be elsewhere (McCue v. State, 75 Tex.Crim. 137, 170 S.W. 280, Ann. Cas. 1918C, 674), or the subject matter of a conversation accused had with a party he claimed to be with at the time of the crime. [State v. Harmon (Mo.), 296 S.W. 391, l.c. 395.] In Ingalls v. State, 48 Wis. l.c. 651, 4 N.W. 785, the court excluded evidence of defendant's intoxicated condition, the defendant desiring to show that he was so inebriated as to be physically and mentally incapable of committing the crime charged. The court said:
"If a man by voluntary drunkenness renders himself incapable of walking for a limited time, it is just as competent evidence tending *Page 304 
to show that he did not walk during the time he was so incapable, as though he had been so rendered incapable by paralysis of his limbs from some cause over which he had no control."
In State v. Buxton, 324 Mo. 78, 22 S.W.2d 635, this court had before it an instruction to the effect, in so far as here material, that it made no difference whether defendant was drunk in any degree or not at the time of the commission of the offense, if the jury found he did commit it, and that they should not take the fact of drunkenness into account as a mitigation or extenuation of the alleged offense. The defense was an alibi. Defendant testified that he had secured a number of drinks; had become sick, gone to his room and immediately went to sleep in a chair without undressing, and that during the night (the time of the offense) someone undressed him and put him to bed. The court, reversing the case on other grounds, held the instruction had no place in the case and should not be given upon retrial under like evidence; stating (324 Mo. l.c. 86, 22 S.W.2d 635, l.c. 638):
"Appellant denied the commission of any offense and did not offer proof of his intoxication in mitigation of or excuse for an admitted act. He made no pretense that he was so intoxicated that he did not know what he was doing. He denied participation in the Forgey robbery outright.
"Testimony tending to show that appellant went to sleep in a chair after he reached home and was later undressed and put to bed by relatives merely went to support his alibi and to show that he was physically incapable of being at the scene of and committing the robbery, at the time it was shown to have occurred, by reason of his complete stupefaction from intoxication."
Thus, in establishing the truth or falsity of an alibi, ability or disability to traverse the distance involved and to commit the offense, as well as distance from the scene of the offense, may become an important factor, and when so involved evidence thereon is relevant. It occurs to us that it is just as competent to show that a defendant was not present at and did not commit the offense on account of physical disability arising from sickness or drunkenness rendering him incapable of locomotion, as it is to show that he was at a given time and place afoot, on horseback, in an automobile or other conveyance. Being competent and relevant evidence for the purpose of the alibi, it was error for the court to instruct the jury to "entirely disregard" it. The weight and value of such evidence being for the jury, this court should not speculate upon the effect it might have had upon the verdict.
[4] Appellant's assignment that "Instruction No. 3" is neither marked given nor refused is without merit. The record before us fails to disclose any such numbered instruction. Appellant's motion for new trial is not verified. It does not prove itself. Mere *Page 305 
failure to mark an instruction does not constitute reversible error. [State v. Tharp, 334 Mo. 46, 64 S.W.2d 249, 253.]
[5] Appellant's assignment that the court failed to instruct the jury on all the law of the case is too general to preserve anything for review as it does not point out any particular subject upon which the court failed to instruct. [State v. Layton, 332 Mo. 216, 224, 58 S.W. 454; State v. Simon, 317 Mo. l.c. 345, 295 S.W. 1076.]
[6] Appellant directs our attention to the spelling of "felioniously" and "premediatedily" in the information. These errors appear to be clerical and did not tend to prejudice any substantial right of appellant upon the merits. [Sec. 3563, R.S. 1929, Mo. Stat. Ann., p. 3160; State v. Morehead, 271 Mo. 84, 195 S.W. 1043; State v. Byrd, 278 Mo. 426, 213 S.W. 35; State v. Adkins, 284 Mo. 680, 695, 225 S.W. 981.]
The judgment is reversed and the cause remanded. Cooley andWesthues, CC., concur.