**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Raymond W. MARTIN, Defendant-Appellant.**

**No. 44446.**

Supreme Court of Missouri.

Division No. 1.

Feb. 14, 1955.

No appearance for appellant.

John M. Dalton, Atty. Gen., Paul Mc-Ghee, Asst. Atty. Gen., for respondent.

HOLMAN, Special Judge.

Raymond W. Martin (appellant) was charged by an amended information with molesting a minor with immoral intent, the specific allegation being that he took indecent liberties with Bonnie Lawson, a twelve year old child, "by then and there placing his hands upon her legs and beneath her dress, and by caressing and hugging her and exhibiting to her his private parts." This conduct is made an offense by the provisions of Section 563.160 RSMo 1949, V.A. M.S. Defendant was also charged with a prior conviction of the felony of rape in the State of Oklahoma in compliance with what is known as the Habitual Criminal Act. Section 556.280 RSMo 1949, V.A.M.S. A jury found the prior conviction and that defendant was guilty of the offense charged and fixed his punishment at five years' imprisonment in the penitentiary. From the ensuing judgment and sentence defendant has appealed.

Defendant has filed a complete transcript but no brief. In this situation, it is our duty to examine the transcript for errors, if any, assigned in his motion for new trial and we must also review the matters previously considered parts of the record proper in order to ascertain errors that may appear therein. State v. Jones, Mo. Sup., 227 S.W.2d 713.

Defendant offered no evidence. The evidence presented by the state would seem to justify the following brief statement of facts. At about 7:15 p. m. on October 8, 1952, Bonnie Lawson, then 12 years of age, had completed a dancing lesson and was at Sixth and Joplin Streets in the City of Joplin. She called a taxi and shortly thereafter entered one being driven by the defendant, whom she directed to take her to 2829 East Seventeenth Street, her residence.

After discharging another passenger, defendant drove the cab to a point in Newton County, just south of Joplin. In this area, two stops were made at which times the acts complained of occurred. The prosecuting witness testified that defendant played with her legs; put his arms around her neck; unbuttoned her clothing and pushed her down in the seat. When she resisted these advances, he threatened to harm her with a knife, attempted to strangle her and struck her behind the ear. When Bonnie managed to get out of the car, he backed her up against the car with his private parts exposed. Finally, he yielded to her pleading to stop such conduct and drove her to a place near her home where she left the cab.

Bonnie went to the residence of a neighbor who escorted her to her home. Her parents were away but were immediately called and upon arrival found their daughter in a hysterical condition. As soon as they could learn what had occurred, the parents called the police and shortly thereafter the defendant was arrested. He admitted to the police that Bonnie Lawson, whom he had not previously known, was a passenger in the cab but stated that she bumped her head on the car and perhaps was otherwise injured when she became angry and started fighting because he had become impatient when she would not tell him where she wanted to go.

■ Defendant made four assignments in his motion for new trial. The first merely states abstractly that it is the duty of the court to instruct upon any theory of the case which defendant's evidence tends to establish whether requested or not. This complaint is too general and preserves nothing for review. State v. Layton, 332 Mo. 216, 58 S.W.2d 454.

■ In the next assignment, defendant complains of the introduction in evidence of the record of his prior conviction and the submission of that issue in the instructions, asserting that the purpose in doing so was to cause him to receive a more severe punishment if found guilty of the offense for which he was tried. Actually, defendant has advanced the very reason which brought about the enactment of the Habitual Criminal Act, but this forms no basis for any legal complaint. It is elementary that, in order to successfully prosecute under that statute, the state was required to prove the conviction of defendant and that he was imprisoned and thereafter discharged upon compliance with the sentence. Likewise, the court was required to submit this issue to the jury in the instructions. No error was committed in this respect.

■ The third specification in the motion points out alleged discrepancies in the testimony of the prosecuting witness as to matters of time and contends that, for this reason, the defendant's motion for a directed verdict of acquittal should have been sustained. We think the testimony of this witness was clearly sufficient to make a submissible case and that the court properly overruled the motion for a directed verdict. The witness had no watch and did not attempt to give strictly accurate estimates as to the time when certain events occurred and it further appears that the alleged discrepancies were of a minor nature. It was for the jury to determine the facts from the evidence and we are bound by their verdict. State v. Davis, Mo.Sup., 196 S.W.2d 629.

■ The final assignment in the motion is that the evidence tended more to prove the crime of assault than of molesting a minor and hence he was charged with and found guilty of one offense when the proof showed a different one. There is no merit in this contention. The evidence was sufficient to prove defendant guilty of the crime for which he was on trial. The fact that he may have also committed an assault would not require his acquittal on the charge of molesting a minor. "When a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged." State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877, loc. cit. 880.

In examining the record, we note that the verdict was as follows: "We the jury, find the defendant guilty of one former conviction and of molesting a minor with immoral intent and assess his punishment at five years in the State Penitentiary."

■ The verdict should have contained a finding that the former conviction was for a felony or should have included the phrase, "as charged in the information." This omission, however, does not constitute reversible error. There can be no question but that the "former conviction" found in the verdict referred to the felony of rape. This was the conviction alleged in the in-

formation, proved by the evidence and submitted in the instructions. No other conviction was mentioned in any manner in the course of the trial. Since the meaning of the verdict is clear, it is sufficient in form and substance to sustain the judgment. State v. Baldwin, 214 Mo. 290, 113 S.W. 1123; State v. Kelly, Mo.Sup., 258 S.W.2d 611.

An examination of the remainder of the record discloses no error. The judgment is therefore affirmed.

All concur.