**STATE of Missouri, Respondent,**

v.

**Ronald WESTBERG, Appellant.**

No. 46039.

Supreme Court of Missouri, Division No. 2.

Dec. 9, 1957.

No attorney of record for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

LEEDY, Judge.

Appellant Ronald Westberg (hereinafter referred to as defendant) was convicted in the Circuit Court of Laclede County of a felony under § 559.180 RSMo 1949 and V.A.M.S., in having, on purpose and of his malice aforethought, assaulted and shot a state highway patrolman with a pistol with intent to kill. The jury assessed his punishment at imprisonment in the penitentiary for a term of 25 years. This appeal is from the sentence and judgment pronounced in accordance with the verdict; but defendant has filed no brief.

The facts upon which the conviction rests are thus summarized in the state's brief, which statement we adopt, as follows:

"On the 19th of September, 1956, the defendant was driving a 1950 Chevrolet from Chicago into Missouri. At the Chain of Rocks Bridge in St. Louis defendant picked up a hitchhiker, William Wright. The two of them proceeded down Highway No. 66 to a point about fourteen miles east of Lebanon in Laclede County, Missouri. At this point Trooper Norman Eugene Tinnin of the Missouri State Highway Patrol,

traveling in the opposite direction, observed the defendant attempting to pass a truck in a no-passing zone. Trooper Tinnin immediately turned around, overtook the car being operated by defendant and signaled him to stop, which he did after some hesitation. Trooper Tinnin pulled up and stopped his car about six to ten feet behind defendant's car which was on the shoulder about a foot from the pavement. Trooper Tinnin and defendant dismounted from their respective automobiles at about the same time and they met between the two cars. They had some discussion of defendant's traffic violation for which Trooper Tinnin was preparing to issue defendant a warning ticket. In the course of the conversation Trooper Tinnin asked defendant for his driver's license and some evidence that the car belonged to him. Defendant said he would have to get them from the car. Instead, he got a revolver, and when Trooper Tinnin looked up from his warning book he found the defendant two or three feet away pointing the gun at him. With his left hand Trooper Tinnin hit defendant's hand in an effort to disarm him. The gun was discharged, striking Trooper Tinnin in the leg. Defendant jerked back and fired three other shots at the Trooper in rapid succession, the first one striking Trooper Tinnin in the pelvis region near the hip, another lodged in his cartridge case, and the last one in the neck, after which he fell into the ditch on his face. Trooper Tinnin never did lose consciousness, but was able to get to his feet, draw his revolver and fire at the back of defendant's car as he was pulling away. This caused defendant to lose control of his car so that he had to abandon it and flee into the woods on foot.

"Trooper Tinnin, with the aid of the hitchhiker, William Wright, managed to notify Troop Headquarters of what had happened and to get to the hospital. A search was organized and about 5:00 p. m., defendant was apprehended and defendant's gun found.

"Defendant did not take the stand. The only evidence introduced on his behalf tended to show that he had been convicted of burglary for which he was on a five-year probation. A warrant for his arrest had been issued from Cook County, Illinois, for violation of that probation. In addition, a warrant for his arrest had been issued from Cook County, Illinois, for the murder of an eleven-year-old boy."

We resolve in defendant's favor any doubt as to whether his motion for new trial sufficiently preserves for appellate review the question of the sufficiency of the evidence to sustain the verdict; but we find it wholly unnecessary to pursue the matter further because from the foregoing statement it is apparent that the evidence, if believed by the jury (as it was), is abundantly sufficient to sustain the conviction.

The only other questions are those into which inquiry is required to be made whether error thereon is assigned or not (42 V. A.M.S. Supreme Court Rules, Rule 28.02). We have examined the information, and find it sufficiently charges the offense under such authorities as State v. Layton, 332 Mo. 216, 58 S.W.2d 454, 456, and State v. Sovern, 225 Mo. 580, 125 S.W. 769. The verdict found defendant "guilty of assault with intent to kill with malice aforethought," and assessed his punishment within the range permitted by § 559.180. The verdict was sufficient. State v. Hayden, Mo., 190 S.W. 311, 313. Defendant was granted allocution after having been heard on motion for new trial, and thereupon judgment was regularly entered and sentence duly pronounced in accordance with the verdict. The judgment must, therefore, be affirmed; and it is so ordered.

All concur.