STATE of Missouri (Plaintiff), Respondent,

v.

Herbert RICHARDSON (Defendant), Appellant.

No. 46422.

Supreme Court of Missouri,

Division No. 1.

July 14, 1958.

No appearance for appellant.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for respondent.

DALTON, Judge.

By an information filed in the Circuit Court of the City of St. Louis, the defendant was charged with a felony, to wit, carrying a dangerous and deadly weapon concealed upon and about his person. Section 564.610 RSMo 1949, V.A.M.S. Defendant was also charged under the Habitual Criminal Act, Section 556.280 RSMo 1949, V.A. M.S., with eight prior felony convictions, each for the offense of larceny from the

person of an amount less than $30. See Section 560.195 RSMo 1949, V.A.M.S. On trial, the jury found defendant guilty of carrying a concealed weapon and assessed his punishment at 1 year in the city jail, but found defendant not guilty of a prior conviction or convictions of a felony as charged in the information. From judgment and sentence in conformity to the verdict, the defendant has appealed.

■ Defendant has not favored us with a brief on appeal and we shall look to his motion for a new trial and consider such assignments as are sufficient to present matters for review. Supreme Court Rules 28.02 and 27.20, 42 V.A.M.S. The first assignment is that the court erred "in failing and refusing to sustain defendant's motion to suppress the evidence inasmuch as the search and arrest of the defendant was unlawful and the search of the defendant was an unreasonable search and the seizure of the weapon was prohibitive (sic) under Article 1, Section 15 of the Constitution [V.A.M.S.]."

■ The transcript on appeal, approved by counsel for the State and counsel for defendant and certified by the court reporter, as "a full transcript of the record of the above case," contains no motion to suppress the evidence or any evidence with reference to any such motion, nor does the transcript show the filing, hearing or ruling of the court on any such motion. There has been lodged with the clerk of this court what purports to be a transcript of a hearing on a motion to suppress evidence in what appears to be a case with the same style and number, but in another division of the same circuit court. Said transcript purports to show the content of such a motion, the filing thereof, the evidence in support thereof and the court's ruling thereon, to wit, that "the officers were entitled to make the arrest and having done so, they were entitled to search." The motion was overruled. This purported transcript is not approved by counsel for either of the parties or by the said circuit court

and it is not included by reference in, or in any manner referred to in, the approved transcript filed in this cause. It, therefore, is not before us and may not be considered on appeal. Since the approved transcript of the record in this case shows nothing with reference to any such motion to suppress evidence, the assignment of error must be overruled. We have, however, read the purported transcript and had it been made a part of the record in this cause, we would have had to overrule the assignment, since the purported transcript discloses no error of the court in ruling the motion.

■ It is next contended that the court erred in failing and refusing to sustain defendant's motion for a directed verdict of acquittal at the close of the State's case. The assignment was waived and need not be considered on appeal because, after the State had rested its case, the defendant testified in his own behalf and offered the testimony of other witnesses. State v. Barr, 336 Mo. 300, 78 S.W.2d 104, 105(1); State v. Bledsoe, Mo.Sup., 254 S.W.2d 618, 622(6).

■ Another assignment is that the court erred in failing and refusing to sustain defendant's motion for directed verdict of acquittal at the close of the whole case. In determining the sufficiency of the evidence in ruling a motion for acquittal, it is only necessary to consider the State's evidence, and particularly so, where the State's case is not aided by defendant's evidence. State v. Hinojosa, Mo.Sup., 242 S.W.2d 1, 3(1); State v. Dalton, Mo.Sup., 23 S.W.2d 1, 5(7). The evidence must be considered in a light most favorable to the State. State v. Lawrence, Mo.Sup., 280 S.W.2d 842, 846(2); State v. Hinojosa, supra.

The State's evidence tended to show that on Sunday, March 17, 1957, about 2:30 p. m., defendant was operating a 1957 Plymouth automobile south on Theresa Avenue in the City of St. Louis; and that he turned east into Lucas Avenue and parked the

automobile some 40–50 feet east from the intersection of Lucas and Channing. Defendant was alone in his automobile when first seen, and after he had parked his automobile and gotten out of it, he was placed under arrest by Ray Miller, a police officer of the City of St. Louis, who was assisted in the arrest by Herman Saunders, another police officer. Immediately after his arrest, defendant was searched by officer Miller, in the presence of officer Saunders, and a thirty-eight Colt's revolver was removed from his left rear trouser's pocket. When found, the revolver was fully concealed on defendant's person. It was loaded with six cartridges of the size suitable for use in the weapon. The revolver was in good working condition and capable of being fired. Defendant told the officers that he had purchased the revolver in Chicago, from an unknown Negro, for the sum of $35, and that he was carrying it for his protection while in the City of St. Louis. The State further offered documentary evidence in support of the charge that defendant had eight prior convictions for felonies, as alleged in the information, and that he had been discharged after service of the sentence imposed for each of the prior offenses charged in the information.

■ The evidence offered was sufficient and substantial to support the charge stated in the information and tended to show defendant guilty beyond a reasonable doubt. The court did not err in overruling defendant's motion for acquittal at the close of all the evidence. State v. Whitman, Mo. Sup., 248 S.W. 937, 938(6).

Another assignment of error is that the court erred "in permitting the State to read into evidence a list of prior convictions, namely larceny from the person less than $30, which are no longer crimes under the statutes of the State of Missouri, and which convictions * * * undoubtedly tended to prejudice the jury against the defendant and prevented him from receiving a fair and impartial trial."

■ It is true that the statute (Section 560.195, supra), under which it was alleged the defendant was convicted eight different times, prior to its repeal in 1955, was repealed effective 90 days after May 31, 1955. See Laws 1955, p. 507. The repeal did not change the facts as to prior convictions of felonies, if any, and we find nothing in Section 556.280, supra, that requires that the statutes, under which the prior felony convictions were had, must still be in force and effect when the second or subsequent offense is committed and a prosecution instituted. The subsequent repeal of the statute under which the alleged prior convictions of felonies were had was not material to any issues involved in the prosecution of defendant under the Habitual Criminal Act, Section 556.280, supra. The assignment is overruled.

■ Error is also assigned on the action of the court in instructing the jury with reference to the "prior felony charges, namely larceny from the person, less than $30.00, such charges being no longer crimes under the statutes of this State." There is no merit in this assignment for the reasons hereinbefore stated, however, the alleged error with reference to the instruction is not properly before us for review for the reason that the record fails to show that defendant objected to the giving of the instruction in question. State v. Rush, Mo.Sup., 286 S.W.2d 767, 772(7); State v. Tourville, Mo.Sup., 295 S.W.2d 1, 5(3–8); State v. Malone, Mo.Sup., 301 S.W.2d 750, 760(32); State v. Green, Mo.Sup., 305 S.W. 2d 863, 871(12–13). The assignment is overruled.

While no complaint is made of the formal parts of this record, we have examined each part, as required by Supreme Court Rule 28.02. The information is sufficient in form and substance and properly charges the offense mentioned. The verdict is sufficient in form and responsive to the charge. The judgment and sentence are in proper form and responsive to the

verdict. Allocution was duly accorded. A review of the entire record discloses no prejudicial error.

The judgment is affirmed.

All concur.