STATE v. JIM BEASLEY, Appellant.—No. 39138.—182 S. W. (2d) 541.

Division Two, October 9, 1944.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was charged with burglary and larceny for forcibly breaking and entering the dwelling house of Stanford Honeycutt in Ozark county while the occupants were away, and stealing therefrom a shotgun and some shotgun shells, in violation of Secs. 4448, 4435 and 4440, R. S. Mo., 1939, and Mo., R. S. A. He was convicted of the burglary alone and his punishment assessed by the jury at two years imprisonment in the penitentiary, which is the minimum prescribed by Sec. 4445. He has filed no brief. There were only three assignments in his motion for new trial. The first and second respectively charged error in the refusal of appellant's instruction A and the giving of the State's instruction 7. The third complains of error in the trial court's refusal to discharge the jury because of the prosecuting attorney's alleged prejudicial closing argument. Before discussing these assignments, a word as to the facts.

The prosecuting witness Honeycutt and his wife closed the doors and windows of their dwelling house on Highway 80 south of Gainesville in the morning of Flag Day, Sunday, June 14, 1942, and attended a "decoration" at Isabella in Ozark county. In the evening on their return they found the front door partly open and discovered a shotgun, which had been hanging on the wall, and some shotgun shells were missing. The gun was marked on the stock with the numerals and letters, 33-C. T.-32. Honeycutt immediately notified Sheriff Amyx, who happened to be passing by. The latter made an investigation and on information thus obtained arrested the appellant, who went with him to a place in the country where there were evidences of a small picnic party, some empty beer cans and bottles. Close by the shotgun was found. The appellant denied all knowledge of it and said: "I wasn't drinking a drop that day." He said the same thing

on the way back from the preliminary hearing. The gun was Honeycutt's gun. There is no dispute about that.

On cross-examination of the sheriff appellant's counsel elicited testimony from him that Margie Piland, E. G. Risley and Simon Long had told him appellant had stolen or "got" the gun. These three apparently were members of the picnic party, or at least had stopped there because of a flat tire on the car in which she and appellant were riding. She further testified the appellant quarreled with the others at the party and jumped out of the automobile. He went away through the brush and returned in a direction leading from Honeycutt's house, which was in the neighborhood, with a shotgun and threatened to shoot all of them. At appellant's preliminary hearing he announced he would plead guilty, but the magistrate refused to accept the plea. When asked why he entered the house he said he "guessed he was so drunk that he didn't know what he was doing." At the trial of the case appellant admitted telling the magistrate at the preliminary hearing, that he wanted to plead guilty, and that he was drunk and didn't know what he was doing when he took the gun. He further testified at the trial that he couldn't ▇ remember anything about the picnic, or the flat tire, or about going to Honeycutt's house, or about telling the sheriff on the way back from the preliminary hearing that he was not drinking the day of the burglary, though he admitted he was sober when he made that statement—if he did make it.

▇ Returning to appellant's first and second assignments of error. Nothing is better settled in our law than that voluntary intoxication is no defense to a criminal charge, with few exceptions. State v. Pinski (Mo. Div. 2), 163 S. W. (2d) 785, 788(5). In State v. Barr, 336 Mo. 300, 303(3), 78 S. W. (2d) 104, 105 (2, 3), the foregoing was recognized as a well established rule, but it was held proof of helpless drunkenness such as would have prevented the defendant from getting to the scene of the crime was competent in support of his alibi defense; and that the giving of an instruction telling the jury to "entirely disregard" the defendant's drunkenness was prejudicial error. This Barr case was reversed and remanded and tried again. In the second trial the court gave an instruction for the defendant meeting the objection made in the first opinion, with reference to the competency of his evidence showing helpless drunkenness as bearing on the defense of alibi. On a second appeal, State v. Barr, 340 Mo. 738, 745, 102 S. W. (2d) 629, 634(12) this court held the defendant's rights were thereby fully protected, and again announced the general rule stated above, that evidence showing voluntary intoxication does not excuse crime.

So, also, in State v. Buxton, 324 Mo. 78, 86(6), 22 S. W. (2d) 635, 638(5), the giving of an instruction to that effect was held error because the defendant denied commission of the crime and had not offered proof of intoxication in mitigation or excuse for an admitted

act. But in the instant case the appellant contented himself with a mere statement that he did not remember anything about the burglary or the picnic that day; and that he was so drunk he could not remember. He did not deny that he had committed the burglary, or that he had offered to plead guilty. For the purposes of the particular defense stated in his instruction A, he confessed and avoided it.

In other words, his instruction told the jury that even though they found he committed the burglary, yet if he did so while he was intoxicated to such extent that he was incapable of realizing what he was doing and of forming an intent to commit the burglary, then the jury should acquit him. This was not the law, and there was no error in refusing the instruction. Neither were there any of the circumstances mentioned in the foregoing cases, which made it error for the court to give the State's instruction 7 which told the jury that although they should find the appellant was intoxicated at the time of the alleged burglary, yet they could not consider such intoxication as constituting any excuse, mitigation or extenuation of the alleged offense, because voluntary drunkenness is no excuse for the commission of crime—if the jury found beyond a reasonable doubt that he did commit the crime.

The final assignment in the motion for new trial complains of the closing argument of the prosecuting attorney. It recites that in the previous argument of *appellant's* counsel he commented on the fact that the State had called only one of the six witnesses who were present at the roadside picnic when appellant left and came back with a shotgun, and on the State's failure to call the others. The prosecuting attorney answered in his closing argument by retorting "Why didn't he call them?" The appellant objected to the argument and moved that the jury be discharged. The court sustained the objection, cautioning the jury to disregard the statement, but refused to discharge the jury.

Appellant's explanation in the motion of why he considered the court's ruling erroneous, is that the names of all the above witnesses were indorsed upon the information by the State, and the refusal to discharge the jury, over the objection and exceptions of the appellant, was prejudicial to his rights, and the court erred in overruling the motion to discharge the jury. We are not sure what the assignment means in stating the witnesses' names were indorsed upon the information. The Attorney General's brief suggests the motion for new trial means that the prosecuting attorney's closing argument was in the nature of a violation of appellant's right to refrain from testifying, under Sec. 23, Art. 2 of the State Constitution, and Sec. 4082. We do not so understand the motion. The appellant did testify, and it has been settled ever since the decision of State v. Larkin, 250 Mo. 218, 234(3), 157 S. W. 600, 604(4), 46 L. R. A. (N. S.), 13, that if the defendant testifies the State can comment ▮▮▮ even upon *his*

failure to explain the incriminating facts. By the same token his failure to present witnesses on those facts could be referred to, so far as the above theory is concerned.

Our own understanding of the contention made by the motion, in stating the names of the six witnesses were indorsed on the information, is that appellant meant thereby to imply they were *unfriendly* to *him*. It is settled by numerous cases that the prosecuting attorney may comment on the failure of the defendant to call available witnesses who might reasonably be expected to give testimony in his favor. State v. Woods, 346 Mo. 538, 142 S. W. (2d) 87, 90(8); State v. McKeever, 339 Mo. 1066, 1085(13), 101 S. W. (2d) 22, 32(33). It is furthermore true that the State's counsel can go further by way of retaliation, in answering arguments of the defendant's counsel, than he would be authorized to do in the first instance.

But there are times when the prosecutor is not entitled to comment adversely, even where defense counsel has first raised that issue. For instance, suppose a witness is demonstrably friendly to the State, but the State does not use him. Counsel for the defense in those circumstances may rightfully inquire why the State has failed to use the witness, and it has been held in at least one case that the prosecutor cannot retort by demanding why the defendant did not call the unfriendly witness. State v. Collins (Div. 2), 350 Mo. 291, 165 S. W. (2d) 647. But in that case the witness not called was the one who had put the prosecution in motion, and testified for the State at the first trial. At the second trial he was not called, though indorsed as a witness on the information and subpoenaed by the State. In those circumstances the decision held it was unfair and prejudicial for the prosecuting attorney in his closing argument to retaliate by asking why the defendant had not called him as a witness, in answer to the preceding legitimate argument of defendant's counsel commenting on the State's failure to call that witness.

But we think that case was clearly distinguishable from this. The appellant here does not in plain terms claim that the persons who were at the roadside picnic and not called were unfriendly to him. The mere fact that their names were indorsed on the State's information does not establish that they were partial to the State. The statute requires that, Sec. 3894. There was evidence of some quarreling at the roadside picnic, and also evidence that the sheriff in his investigation had elicited from at least two of the six witnesses, beside the one called, that the appellant had taken the shotgun; but it also appears the sheriff rather extorted that information from them. Defendant's counsel had already got whatever advantage he could out of the fact that the State had not used most of these picnic witnesses in his preceding argument.

And besides all that, the bill of exceptions shows that the court sustained appellant's objection and instructed the prosecutor "not to

make mention as to why any witnesses weren't called by the appellant." In refusing appellant's motion to discharge the jury, the court gave them this admonition: "The jury will be instructed not to consider what the prosecuting attorney has said." In these circumstances, relying somewhat on the trial court's discretion, we hold no reversible error was committed.

Having reached this conclusion, and finding no error in the record proper, the judgment is affirmed. All concur.