**STATE of Missouri, Respondent,**

v.

**Charles Eugene BREWER, Appellant.**

**No. 47006.**

Supreme Court of Missouri,
Division No. 2.

June 8, 1959.

J. William Blackford, Blackford, Imes, Compton & Brown, Kansas City, for defendant-appellant.

John M. Dalton, Atty. Gen., James B. Slusher, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Charles Eugene Brewer was found guilty by a jury of "stealing" property of the value of at least fifty dollars (Sections 560.-156 and 560.161, V.A.M.S.; Laws of Mo. 1955, p. 507 and Laws of Mo.1957, p. 374) and sentenced to confinement in the penitentiary for two years. He has appealed from the ensuing judgment.

In the latter part of June or the early part of July, 1956, a reel containing 1,015 feet of cable containing three "4/0" insulated copper conductors owned by the Missouri Public Service Company was placed inside a fenced area used as a substation site in Jackson County. In the early part of August it was discovered that there was missing from the reel 938 feet of cable of the value of more than $3,900. The gates in the fence around the substation site had been locked. The top wire of the fence "sagged" at one place, and in the enclosure near the reel there was found some copper "filings." Nearby there was a hack saw which was not the type used by the employees of the electric company.

Defendant and Mable Marie Green stayed at the home of Calvin Holtcamp which was about a quarter of a mile from the substation where the cable was stored. Mable testified that in July 1956 she saw defendant and Calvin Holtcamp bring to the house some insulated "wire," which resembled the sample of cable in the courtroom that had been taken from the reel, and then slice off the insulation with knives. Defendant placed the bare wire in a car and drove off with it. When he returned about two hours later he gave Mable some money to keep for him. A week or two later defendant asked her to show Junior Goodall how "to get to a certain place," and she and Goodall and his wife took some "yellowish" wire which had been "blackened from fire" to that place, apparently in Kansas City. As instructed by defendant they stated that "Charley sent us," and the wire was taken from the car and weighed. They were given $150 for it, and this money was later divided between defendant, Calvin Holtcamp and a person identified as "Red" Jones. Mable also testified that she had purchased a hack saw for defendant, and that the one found in the substation "looks like" the one she purchased.

Calvin Holtcamp testified that defendant and Mable came to his house about July 4, 1956, and shortly thereafter he and Mable said they "would go up there and get the wire." They took his car and the next morning he saw 32 feet of insulated wire in his driveway which was the "same" as the sample of cable in the courtroom. He stated that he helped slice the insulation off the wire with a butcher knife, and that Mable and defendant sold the bare wire for $32. He also testified to a later incident when he saw defendant and a group of people drinking beer about fifty feet south of his house, and that they were burning the insulation off of some wire. Another time he saw a fire and the remains of some rubber insulation that had been burned from wire about a quarter of a mile from his house. Calvin Holtcamp also testified that defendant "stated to me at different times that he had been taking wire from this individual place. * * * The Missouri Public Service electrical station."

Defendant did not testify. The only evidence offered in his behalf was a copy of the complaint filed in the magistrate court, which was identified as Exhibit 6 but is

not contained in the transcript and was not admitted into evidence.

In the motion for new trial error was assigned in that "The Court erred in refusing to permit defendant to introduce into evidence defendant's Exhibit 6," and the first point in defendant's brief to this court is that "The Court erred to the prejudice of the defendant in refusing to permit the defendant to introduce into evidence defendant's Exhibit 6, as it was an official court record." The provision of Section 547.030 RSMo 1949, V.A.M.S., and Supreme Court Rule 27.20, 42 V.A.M.S., that "The motion for a new trial shall be in writing and must set forth in detail and with particularity * * * the specific grounds or causes therefor" is mandatory, State v. White, Mo.Sup., 301 S.W.2d 827 [2], and it has repeatedly been held that it is insufficient to preserve anything for review to state in a motion for new trial merely the conclusion that it was error to admit or refuse to admit a specified document in evidence. State v. Whitaker, Mo. Sup., 312 S.W.2d 34 [8]. In this case the point in the brief is equally as deficient as the assignment of error in the motion for new trial, but in any event it is well established "that reasons stated in a brief but not in the motion for new trial are of no avail." State v. Davis, Mo.Sup., 251 S.W. 2d 610 [5], 616; State v. Tellis, Mo.Sup., 310 S.W.2d 862 [8]. In other words, "Defendant's brief may not supply deficiencies in his motion for new trial." State v. Davis, supra [5]; State v. Lord, Mo.Sup., 286 S.W.2d 737 [20]. The correctness of the action of the trial court in refusing to admit Exhibit 6 into evidence has not been preserved for appellate review.

Defendant's second point is identical with the assignment in the motion for new trial that "The court erred in refusing to give instructions 9, 10, and 11 offered by the defendant." This preserves nothing for review. State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335 [15]; State v. Childers, Mo.Sup., 313 S.W.2d 728 [12].

Defendant's next point is that "The court erred to the prejudice of the defendant in not judicially recognizing that the plaintiff's witness Holtcamp deliberately committed perjury." This is based upon an assignment in the motion for new trial substantially in the same words but to which was added the statement that "the same witness having testified the day previously before this same bench, at which time his testimony was materially different as to important matters of fact; that the witness was 'woodsheded' into altering his testimony because of his being charged with the same crime." Allegations in a motion for new trial do not prove themselves. State v. Daegele, Mo.Sup., 302 S.W.2d 20 [9]. The testimony of witness Holtcamp given on the day previous is not included in the transcript, and it was not offered in evidence at the trial for purposes of impeachment or otherwise. It does not appear what defendant contends should have been done by the trial court other than to "recognize" the existence of perjury, and assuming there was an inconsistency in the testimony of the witness, for all that is shown by the record the perjured testimony, if there was perjury, may have been that of the witness on the previous day. There is no merit whatever to this point.

Defendant's next point is in almost the precise language of his assignment in his motion for new trial that "The court unduly and prejudicially limited defendant's cross-examination of State's witness Holtcamp." This assignment is so general that it preserves nothing for review, State v. Vigus, Mo.Sup., 66 S.W.2d 854 [7]. However, we have read the cross-examination of this witness and find not one instance in which it could possibly be contended that the cross-examination was improperly limited.

The last point in defendant's brief is based upon and is in substantially the same language as the assignment of error in the motion for new trial that "The verdict of the jury was opposed to the law and the evi-

dence for the reason that any verdict would have to be based upon an inference based upon inference, which is against the law of the State of Missouri." Although there is another assignment in the motion for new trial that no submissible case was made, but which is not briefed and is therefore waived or abandoned, Supreme Court Rule 28.02, 42 V.A.M.S.; State v. Cantrell, Mo. Sup., 310 S.W.2d 866 [1], we shall consider this assignment as challenging the sufficiency of the evidence to sustain the verdict for the asserted reason.

Defendant contends, in substance, that the evidence supports only an inference that the wire in his possession was part of the wire stolen from the reel of cable stored at the substation site, and that from the fact alone of mere unexplained possession of such wire there cannot be based the further inference that he stole it. He relies primarily on State v. Matticker, Mo.Sup., 22 S.W. 2d 647. But, in this case the jury was not required to infer defendant's criminal agency from only the mere unexplained possession of property which was not and could not be identified as the specific property that was stolen. Here there was evidence that defendant had stated he was going "up there," obviously referring to the substation, and get the wire; that wire was cut from the reel by a hack saw of the type purchased for defendant by Mable Marie Green; that defendant stated at different times that he had taken wire from the substation; that defendant had possession of quantities of wire of the same type as that which was taken and when in such possession he either cut or burned off the insulation; and that he sold or arranged for the sale of at least part of the wire in a manner not consistent with lawful ownership or possession.

 In determining whether or not there is sufficient evidence to support the verdict of guilt we accept as true all evidence in the record tending to show defendant's guilt, together with all inferences

reasonably and properly to be drawn therefrom. State v. Fields, Mo.Sup., 302 S.W.2d 6 [2]; State v. Morris, Mo.Sup., 307 S.W. 2d 667 [1]. The truth of the testimony and the reasonableness of the inferences to be drawn therefrom are exclusively for the jury. State v. Berkowitz, 325 Mo. 519, 29 S.W.2d 150 [5]. Any fact, including the criminal agency of the defendant and the identity of the property stolen, may be proved by circumstantial evidence, State v. Loges, 339 Mo. 862, 98 S.W.2d 564 [4], but testimony that the defendant admitted taking the wire is in the nature of direct evidence of his guilt. State v. Criger, Mo.Sup., 46 S.W.2d 537 [3].

 When we consider the direct and circumstantial evidence we must necessarily conclude that the jury could reasonably find that cable wire was stolen by someone from the substation site, and that defendant, alone or with the assistance of someone else, did, within the meaning of Section 560.156(2), V.A.M.S., steal cable wire therefrom of the value of at least fifty dollars. In so concluding it was not necessary for the jury to find the criminal agency only on an inference based on possession of property similar to that which was stolen, as was the situation in State v. Matticker. The fact of defendant's possession of wire similar to that stolen was only one part of the evidence, both direct and circumstantial, which when taken together provided the reasonable basis for the finding of criminal agency on the part of defendant. This last contention is without merit.

The judgment is affirmed, and pursuant to Supreme Court Rule 28.14, 42 V.A.M.S., it is directed that the judgment be executed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.